**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ETHICON ENDO-SURGERY, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 09-580-JJF |
| | : | |
| HOLOGIC, INC., and | : | |
| SUROS SURGICAL SYSTEMS, INC., | : | |
| | : | |
| Defendants. | : | |

---

Sandra A. Bresnick, Esquire of SIDLEY AUSTIN LLP, New York, New York.
David A. Steffes, Esquire; Paul J. Zegger, Esquire; and Peter S. Choi, Esquire of SIDLEY AUSTIN LLP, Washington, DC.
Steven J. Balick, Esquire; John G. Day, Esquire; and Lauren E. Maguire, Esquire of ASHBY & GEDDES, Wilmington, Delaware.

Attorneys for Plaintiff.

Lisa J. Pirozzolo, Esquire; Patrick M. Callahan, Esquire; and Jonathan W. Woodward, Esquire of WILMER CUTLER PICKERING HALE AND DORR LLP, Boston, Massachusetts.
Robert J. Gunther, Esquire of WILMER CUTLER PICKERING HALE AND DORR LLP, New York, New York.
Amanda L. Major, Esquire of WILMER CUTLER PICKERING HALE AND DORR LLP, Washington, DC.
Jack B. Blumenfeld, Esquire and Andrew C. Mayo, Esquire of MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware.

Attorneys for Defendants.

---

**MEMORANDUM OPINION**

October $\underline{15}$ , 2009
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is Defendants Hologic, Inc. and Suros Surgical Systems, Inc.'s Motion to Transfer Venue (D.I. 8). For the reasons discussed, Defendants' Motion will be denied.

## I. Background

On August 6, 2009 Plaintiff Ethicon Endo-Surgery, Inc. ("Ethicon") filed suit against Defendants Hologic, Inc. ("Hologic") and Suros Surgical Systems, Inc. ("Suros") (collectively, "Hologic"). (D.I. 1.) Ethicon alleges that Hologic's EVIVA™ ("EVIVA") breast biopsy device is infringing four Ethicon patents: U.S. Patent No. 7,442,171 (the "'771 Patent"); U.S. Patent No. 5,928,164 (the "'164 Patent"); U.S. Patent No. 6,752,768 (the "'768 Patent")' and 6,428,487 (the "'487 Patent") (collectively, the "patents-in-suit"). (Id. at ¶6.) The patents-in-suit generally relate to tissue extraction devices used during breast biopsies. (D.I. 10, at 2; D.I. 13, at 1.)

The parties are currently involved in other litigation in this Court and elsewhere. On October 5, 2007, Ethicon brought suit against Hologic in the United States District Court for the Southern District of Ohio (the "Ohio Action").[1] (D.I. 20, Ex. 2.) In that case, Ethicon alleges Hologic's ATEC® breast biopsy devices and excision systems are infringing four Ethicon patents:

---

[1] Ethicon Endo-Surgery, Inc. v. Hologic, Inc. and Suros Surgical Systems, Inc., C.A. No. 07-834 (S.D. Ohio 2007).

U.S. Patent No. 7,226,424 (the "'424 Patent"); U.S. Patent No. 6,273,862 (the "'862 Patent"); the '768 Patent; and the '487 Patent. (D.I. 13. Ex. 2, at 4.) The Honorable Michael Barrett issued a claim construction order in April 2009. (Id. at 3.) Trial in the Ohio Action is currently scheduled to begin on November 16, 2009. (Id. at 2.)

On April 30, 2009, Hologic brought suit against Ethicon in the District of Delaware (the "Delaware Action").[2] (D.I. 13, Ex. H.) Hologic alleges that Ethicon's Mammotone MR breast biopsy system infringes a patent held by Suros, U.S. Patent No. 7,347,829 (the "'829 Patent"). (Id.) Discovery has recently begun in the Delaware Action, a Markman hearing is scheduled for April 2010, and a trial is scheduled for September 2010. (D.I. 13, at 5.)

Both Hologic and Suros are incorporated in Delaware. (D.I. 10, at 2.) Suros, which was acquired by Hologic in 2006, maintains its headquarters in Indianapolis, IN. (Id.) Hologic's headquarters and principal place of business are located in Massachusetts, but it maintains a manufacturing facility in Indianapolis, IN. (Id.) Ethicon is an Ohio corporation with its principal place of business in Cincinnati, OH. (Id. at 1.)

---

[2]Hologic, Inc. and Suros Surgical Systems, Inc. v. Ethicon Endo-Surgery, Inc., C.A. No. 09-319-JJF (D. Del. 2009).

## II.  **Parties' Contentions**

By its Motion, Hologic contends that the present action
should be transferred to the Southern District of Ohio, where the
Ohio Action, a related patent infringement action between the
parties, is being litigated.  Hologic contends that the Southern
District of Ohio is an appropriate venue, as proven by the facts
Ethicon cited in its Ohio Action complaint.  (D.I. 10, at 5.)
Hologic contends that, because of the related Ohio Action, the
public interest factors weigh strongly in favor of transfer.
(Id. at 6.)  Namely, Hologic notes that the parties to both
actions are the same, and both accused devices- EVIVA and ATEC
products- relate to breast biopsy systems.  (Id.)  Further,
Hologic notes that two of the four patents-in-suit are also being
asserted in the Ohio Action, and therefore, both actions share a
common body of prior art.  (Id.)  Hologic also contends that the
public interest in avoiding duplicative litigation weighs in
favor of transfer because there is a substantial overlap in
evidence and witnesses between the Ohio Action and the present
action.  (Id. at 7.)

Turning to private interest factors, Hologic contends
transfer is appropriate because the Southern District of Ohio is
more convenient for all parties.  (Id. at 9- 10.)  Finally,
Hologic contends that Ethicon's choice of forum is entitled to
less consideration because Ethicon chose to litigate away from

3

its "home turf," and because there is little meaningful connection to the District of Delaware. (Id. at 9.)

Ethicon responds that Hologic has failed to meet its burden of proving that the private and public interest factors weigh heavily in favor of transfer, and accordingly, transfer is inappropriate. (D.I. 13, at 6-7.) Ethicon contends that, because of the Delaware Action, the public interest factors weigh against transfer. Ethicon notes that the parties to both actions are the same, and that the technology at issue in the Delaware Action overlaps with that of the accused product in this action. (Id. at 10.) Further, Ethicon contends that judicial economy concerns favor keeping the present action in this District. Regardless of whether the present action is transferred, Ethicon argues, the Delaware Action will require this Court to learn the technology at issue and manage discovery with many of the same witnesses and evidence. (Id.) Ethicon contends that transferring the present action to the Southern District of Ohio is unlikely to result in consolidation with the Ohio Action because both discovery and claim construction are completed in the Ohio Action, and because there would be a substantial risk of jury confusion with multiple different patents and multiple different infringing products. (Id.)

In regards to private interest factors, Ethicon contends that Hologic has availed itself of this forum through their

Delaware incorporation. (Id. at 12-13.) Further, Ethicon contends that Hologic would not have brought the Delaware Action in this District if it were truly an inconvenient forum. (Id. at 13.)

## III. Legal Standard

Under 28 U.S.C. § 1404(a), "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In determining whether to transfer a case pursuant to § 1404(a), courts in the Third Circuit apply the public and private interest factors outlined in Jumara v. State Farm Ins. Co., 55 F.3d 873 (3d Cir. 1995). Courts consider the following private interests: (1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may be unavailable for trial in one of the fora; and (6) the location of books and records, again, only to the extent that they may not be available in one of the fora. Id. at 879. Courts consider the following public interests: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easier, quicker, or less expensive; (3) court congestion; (4) local interest in the controversy; (5) public policies of the fora; and (6) the trial judge's

familiarity with the applicable state law. Id. at 879-80. A transfer will be denied if the factors are evenly balanced or weigh only slightly in favor of the transfer. Cont'l Cas. Co. v. Am. Home Assurance Co., 61 F. Supp. 2d 128, 131 (D. Del. 1999).

## IV. Discussion

Generally, a plaintiff's choice of forum is entitled to "paramount consideration," and should not lightly be disturbed. Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970). The weight assigned to this factor is somewhat attenuated here because the movant's burden is lessened when a plaintiff does not bring suit in its "home turf." Waste Distillation Tech., Inc. v. Pan Am. Res., Inc., 775 F. Supp. 759, 764 (D. Del. 1991). Even given this lesser burden, the Court concludes this Motion should be denied because the private and public interests do not strongly enough favor transfer, and because Ethicon's choice of forum does relate to its legitimate, rational concerns. See Dish Network Corp. v. TiVo, Inc., C.A. No. 08-327-JJF, 2009 WL 1529836, at *2 (noting that a defendant's incorporation in Delaware provides a plaintiff with a rational, legitimate reason to bring suit in Delaware).

The public interest factors only slightly weigh in favor of transfer. Admittedly, the Ohio Court is more familiar with two of the patents-in-suit and the technology generally at issue here than this Court is at the present time. However, due to the

6

Delaware Action, this Court must also become familiar with the technology. Where litigation involving the same parties and similar technologies is currently pending in another district, transfer is often favored. See Cashedge, Inc. v. Yodlee, Inc., 2006 WL 2038504, at *2 (D. Del. 2006). Litigation between the same parties involving similar technologies, albeit with different patents, is currently pending in this Court as well. Further, it is not apparent that judicial economy and court congestion concerns will be aided by a transfer of the present action. Because this action involves a different accused product and two patents not asserted in the Ohio Action, the Ohio Court would likely have to conduct further discovery and perform additional claim construction at the same time this Court will be conducting discovery with similar technologies in the Delaware Action.

Further, the Court concludes that the private interest factors weigh against transferring the present action to the Southern District of Ohio. The fact that Hologic initiated suit against Ethicon in this District- even though the parties were involved in other patent litigation concerning similar technology in the Southern District of Ohio- indicates that Hologic does not consider this District to be an inconvenient forum. Hologic contends it is inconvenient for witnesses to have this action litigated here, but it is unclear to the Court why it is not

equally inconvenient for those witnesses to be present for the pending Delaware Action, especially since several of the same witnesses are likely to testify.[3] (<u>See</u> D.I. 13, at 7-8 (stating that the patents-in-suit have some of the same named inventors as the patent at issue in the Delaware action).) Accordingly, the Court concludes the private interest factors do not favor transfer.

Although the Court recognizes that the deference given Ethicon's choice of forum is somewhat lessened by virtue of the fact that Ethicon has not filed in its home turf, the public and private interest factors do not weigh strongly enough in favor of transfer.

## V. Conclusion

For the reasons discussed, Hologic's Motion to Transfer Venue (D.I. 8) is denied. An appropriate order will be entered.

---

[3] Ethicon indicates that it would be willing to transfer the present action to the Southern District of Ohio if Hologic agrees to transfer the Delaware Action to that district as well. (D.I. 10, at 8.)